**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone: 602/258-7701
Telecopier: 602/257-9582

John J. Fries – 007182
jfries@rcalaw.com
Elizabeth C. Heims – 030054
eheims@rcalaw.com

Attorneys for Maureen Gaughan, Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

TAUN ERIC WILLIS and LEAH SUZANNE WILLIS,

Debtors.

Chapter 7 Proceedings

Case No. 2:15-bk-03703-PS

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM TOM DUFORD, DUFORD, INC., SESTUS INTERNATIONAL LIMITED, AND THE CUSTODIAN OF RECORDS FOR SESTUS INTERNATIONAL LIMITED**

Under Fed R. Civ. P. 37(a)(1), Maureen Gaughan, the Chapter 7 trustee ("Trustee"), moves this Court for entry of an order compelling Tom Duford ("Duford"), Duford, Inc., Sestus International Limited ("SIL"), and the Custodian of Records for SIL ("COR") to appear for examination and produce certain documents pursuant to this Court's Orders granting Motions for Rule 2004 Examination of Duford, Duford, Inc. and SIL and the Motion for Production of Documents by COR (the "Orders") [*See* Dkt. 36, 47, 48, 49]. The Trustee further moves for an award of the attorneys' fees and costs incurred in bringing this Motion as necessitated by the

failure to comply with the Orders. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Overview**

The Trustee is investigating a significant and complex transfer of Debtors' business assets involving Debtor Taun Willis ("Debtor"), Debtor's son, Christopher Willis, SIL, and Sestus, LLC ("Sestus"), among others. These transfers took place primarily in May of 2014, less than a year prior to this bankruptcy filing, and immediately following a jury verdict against Debtors and Debtors' business, Sestus, LLC, in April of 2014. The purpose of the Rule 2004 exams and production is to aid in this investigation of Debtors' financial affairs.

For years, Debtor operated a software security company – Sestus (formerly known as Sestus Data Company, LLC) – that produced Debtors' primary income in the hundreds of thousands of dollars, including over $350,000 in 2013 and over $900,000 in 2010. In the weeks leading up to Debtors' bankruptcy, Debtors were 100 percent owners of Sestus. On October 28, 2011, Port United sued Debtors and Sestus, along with Sestus's co-owners at the time, for fraud and other causes of action resulting in a one and a half million dollar judgment against Debtors and Sestus in 2014. Within a month of the jury verdict, Debtor initiated a series of transfers of cash, source code, and patent rights, which are now held by SIL. The timing of the transfers is concerning and warrants investigation by the Trustee. However, the Trustee has been met with objections on all fronts to this investigation, including statements from counsel for Duford, Duford, Inc., SIL, and COR (together, the "witnesses"), that no documents will be produced in response to the Orders, as well as a Motion to Quash *Subpoena Duces Tecum* filed by Christopher Willis. Despite efforts to resolve objections to the discovery with counsel for the witnesses, no resolution had been obtained. *See* Certification of Moving Counsel, filed concurrently herewith.

**II. Factual Analysis**

On or about May 16, 2014, Debtor sold to SIL, via a Patent Purchase Agreement and accompanying Patent Promissory Note delivered by SIL, all of Debtor's patent rights and

applications in virtual identification technology used by Debtor's company, Sestus (the "Virtual Token"). The sale of the Virtual Token to SIL is cause for investigation as it took place just one month after Port United, Inc., a creditor and adversary in this bankruptcy proceeding, obtained a jury verdict against Debtors and Sestus, on or about April 7, 2014, based on distribution rights to the Virtual Token, in the District of Arizona, Case No. CV-11-00367-PHX-ROS (the "Verdict"). The Verdict resulted in monetary judgments against Sestus and Debtors for a combined total of over one and half million dollars. Within a short time of the Verdict, Debtor took immediate efforts to transfer the Virtual Token to an overseas company, SIL, an Irish-based corporation, through the Patent Promissory Note (the "Note"). The day following execution of the Note, SIL granted a license to Sestus for use of the Virtual Token via a Patent License Agreement dated May 17, 2014 – thus, transferring ownership of the Virtual Token overseas, while still permitting Debtor to use the product for the benefit of his company.

On or about May 18, 2014, Sestus entered into two agreements with Premier Management Associates Limited through its manager, David Walton ("PMAL"), under which Sestus granted a security interest to PMAL in the Virtual Token "source code" in exchange for a $5,000 loan, and agreed to pay PMAL $100,000 for marketing development and operational support "once investment funds were received by Sestus in connection with PMAL's efforts" (the "PMAL Agreements"). When Sestus later defaulted under the PMAL Agreements, Debtor, on behalf of Sestus, consented to the assignment of the PMAL Agreements and the underlying security to Paulo Melo, Managing Partner of MelCap LLC. Although Melo is listed as the Managing Partner of MelCap LLC under the assignment documents, Melo represents himself online as a Vice President of Sales for **SIL**. Accordingly, just weeks prior to Debtors' bankruptcy proceeding, on or about March 10, 2015, Sestus assigned the Virtual Token source code to an officer of SIL. As a result of the transfers, the Virtual Token patent and source code (i.e. the primary source of Debtors' income through Sestus) are now held by SIL. The following chart outlines the above-described transfers and connections:

///

///



**Sestus International Ltd. ("SIL")**
**Thomas Capola**, CEO of SIL
**Tom Duford**, VP of SIL, Employee of Sestus, CEO of Duford, Inc.
**Paulo Melo**, VP of SIL
*Virtual Token patent rights sold to SIL*
*Virtual Token licensed to Sestus*
Taun and Leah Willis **("Debtors")**
**Sestus, LLC**
*Virtual Token Source Code offered as security for loan from PMAL*
**Premier Management Associates Limited ("PMAL")**
*Virtual Token license surrendered to SIL*
*Virtual Token Source Code assigned*
**Paulo Melo**, MelCap, LLC
**Sestus International Ltd. ("SIL")**

The timing of the transactions and the overlap in entities and persons involved therewith are sufficient cause for concern by the Trustee with regard to the financial affairs of Debtors and the administration of the estate. For starters, despite sharing the "Sestus" name, Debtor claims SIL and Sestus are distinct legal entities and Debtor claims not to hold any value in SIL. However, Debtor has admitted to actively seeking an investor for Sestus and working with Thomas Capola to create SIL. Further, the Sestus website links the online viewer directly to SIL's web page, stating "visit Sestus International on the web." Sestus and SIL also share the same logo image of a lion on various business documents. Debtors' ROTH IRA holds a 30 percent interest in SIL and Debtor admits to having worked for SIL on a "volunteer" basis. Despite all of this, Debtors deny any current connection to SIL aside from the Note.

In addition, although SIL is incorporated in Ireland, Tom Duford, an Arizona resident and former employee and accountant for Sestus, serves as an officer of SIL. When the Trustee first learned of the Note from SIL and the payments coming to Debtors, post-bankruptcy filing, thereunder, the Trustee demanded turnover of the monthly payments from SIL as property of the estate. In response to a letter sent to SIL's listed addresses in Ireland and Connecticut, Tom Duford responded as Vice President of SIL, and issued the first payment to the Trustee under the Note. SIL then missed two subsequent payments to the estate, but upon a second demand to Duford by the Trustee, payments from SIL to the estate are current.

Despite Duford's actions on behalf of SIL, when Duford was initially moved for a Rule 2004 examination, his affiliation to SIL as an officer was denied (although Duford's connection to Sestus and SIL through some bookkeeping was admitted). This was done despite Duford having sent the Trustee a letter on behalf of SIL representing himself as Vice President of the company. Duford is also a former employee of Sestus, as his name appears in the company's termination documents, which indicate that Duford's email and telephone numbers at Sestus were discontinued upon the company's closure. Duford is a common tie between Debtors, Sestus, and SIL in his individual capacity, through accounting services by his company Duford, Inc. and, currently, as an officer of SIL.

Thus far, the Trustee's investigation has revealed the following:

- In 2013, as the Port United case against Debtors and Sestus was pending, Debtors began talks with Thomas Capola about transitioning Sestus into a "global technology company."

- Thomas Capola, the signatory on behalf of SIL on the Note and the license agreement, represents himself online as the CEO and President of SIL, but his biography states that he "assumed the role of CEO and President of Sestus LLC" in 2014.

- Despite execution of the Note by SIL in May of 2014, no payments were made thereunder until December of 2014, and no payments were made after that until the filing of Debtor's bankruptcy in April of 2015.

- Debtor has retained two post-petition payments made by SIL under the Note and has refused to turn over the payments to the Trustee.

- In 2014 and 2015, Sestus's book and records show over $120,000 in payments made to Debtors' son Christopher Willis pursuant to an Internship Agreement with Sestus. Nearly all of the payments to Christopher Willis were deposited directly to Debtors' bank accounts.

- On April 1, 2015, the date of Debtors' bankruptcy filing, Christopher Willis received his largest payment from Sestus in the amount of $19,740.53.

- On April 1, 2015, the date of Debtors' bankruptcy filing, Debtors sent notice of Sestus's termination to SIL, also enclosing a notice terminating Sestus LLC's licensure of the Virtual Token effective March 31, 2015.

- On March 13, 2015, Sestus's co-owners, the Beals, resigned as members of Sestus for no compensation. Accordingly, any remaining assets of Sestus's flow directly to Debtors as 100 percent owners of Sestus.

- Debtors, as 100 percent owners of Sestus, terminated Sestus effective March 31, 2015. Despite this, Sestus has received thousands of dollars, post-petition, from its customers, which flow to Debtors.

- Debtor has admitted to consulting bankruptcy counsel, different from current counsel, to attempt to skirt around any bankruptcy issues with regard to the May 2014 transfers

with SIL and PMAL.

**III. Legal Argument and Conclusion**

The Trustee as fiduciary of the estate is attempting to investigate the financial affairs of the Debtors. The production of documents and examination of Duford, Duford, Inc., SIL, and COR are within the scope of her duties under the Bankruptcy Code and of Rule 2004, which permits the examination of any entity related to the "acts, conduct, or property or to the liability and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)-(b). The Trustee's investigation is being unjustly halted by deception, including the denial of Duford's role as an officer of SIL, and by objections from key players in the above-described transfers that have stripped the estate of solvency. The Trustee is now forced to file this Rule 37 Motion to compel the necessary discovery to effectuate her investigation and to fulfill her obligations to the estate.

Upon the granting of this Motion, the Trustee should be awarded her attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5)(A), which provides for such an award when a motion under this rule is necessitated by an unjustified objection to discovery. Here, the Trustee is being confronted with objections to a legitimate and necessary investigation resulting in the need for this Motion and in unnecessary legal proceedings in this bankruptcy. The Trustee has attempted in good faith to obtain the discovery without this Motion to no avail. The witnesses' objections are not substantially justified and no other circumstances make an award of fees unjust on these facts.

**WHEREFORE**, the Trustee respectfully requests this Court to set a hearing on this Motion in conjunction with the previously set hearing on the Motion to Quash *Subpoena Duces Tecum* filed by Christopher Willis, and following the hearing, to issue an order as follows:

A. Directing Duford, Duford, Inc., SIL, and COR to immediately produce the documents mandated under the Orders;

B. Directing Tom Duford on behalf of himself, Duford, Inc., and SIL, to appear for the Rule 2004 examinations at an newly set date and time following the document production; and

C. Awarding the Trustee her reasonable attorneys' fees and costs incurred in bringing this Motion.

DATED this 28th day of September, 2015.

RYLEY CARLOCK & APPLEWHITE

By /s/ Elizabeth C. Heims
    John J. Fries
    Elizabeth C. Heims
    Attorneys for the Trustee

The foregoing was electronically filed with the U.S. Bankruptcy Court on this 28th day of September, 2015.

A copy of the foregoing was served upon the following parties by first-class U.S. Mail and/or e-mail on this 28th day of September, 2015.

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Benjamin Allen Skinner
Skinner Law Group, PLC
1744 South Val Vista Drive
Suite 201
Mesa, Arizona 85204
ben@skinnerazlaw.com
Attorney for the Debtors

Eugene F. O'Connor II
Folks & O'Connor, PLLC
1850 North Central Avenue
Suite 1140
Phoenix, Arizona 85004
oconnor@folksoconnor.com
Attorneys for Port United, Inc.

Port United, Inc.
P.O. Box 2520
Sun City, Arizona 85372

| | |
|---|---|
| 1 | |
| 2 | Richard R. Thomas<br>Smith LC<br>Foothills Gateway Center |
| 3 | 4505 East Chandler Blvd, Suite 290<br>Phoenix, Arizona 85048 |
| 4 | rthomas@smith-lc.com<br>Attorneys for Tom Duford, Duford, Inc., and |
| 5 | Sestus International Limited |
| 6 | |
| 7 | By: /s/Cris Barnes |